## Case No. 10,650.

### Ex parte PACKARD.

### In re BUTLER.

[1 Lowell, 523.] [1]

District Court, D. Massachusetts. 1871.

MORTGAGE FOR ADVANCES—USE OF PROCEEDS.

If a mortgage is for money advanced at the time, and the mortgagor assures the mortgagee that the money is to be used in his business, and there is no evidence that these statements were false, the mortgage must be held valid, though it was given out of the ordinary course of the trader's business.

[This was a petition by DeW. C. Packard for the payment to him of the purchase money of goods mortgaged by the bankrupt B. Butler.]

H. C. Hutchins, for mortgagee.

T. F. Nutter, for assignee.

LOWELL, District Judge. This case illustrates the difficulties which surround the construction of the thirty-fifth section of the bankrupt act [of 1867 (14 Stat. 535)]. Taken abstractly it is difficult to distinguish this transaction from that arising under the same bankruptcy, in which the mortgage was decided to be voidable by the assignee, and yet I have no doubt that this mortgage is valid. See Ex parte Mendell [Case No. 9,418].

The mortgage here, as in that case, was of the whole stock in trade in one of the two shops kept by the bankrupt, and was out of the ordinary course of his trade. The differences are that this mortgage was two months earlier than that, before the debt-

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

or's affairs were desperate, and was given for money advanced at the time, without any cause of suspicion excepting the fact itself that such a mortgage was offered as security. In the former case it was impossible to doubt that the whole transaction was an attempt to prefer a particular creditor, and that the mortgagee might have ascertained the facts by the slightest inquiry. Indeed I expressed a decided opinion that he must have been acquainted with the nature of the affair, and intimated that he might prove his innocence and save his money by requiring the assignee to sue the preferred creditor for his benefit. If I am rightly informed no such action was taken, and the case, after some preliminary proceedings by way of appeal, was settled on the footing of my decree. The money that was borrowed of this petitioner went to pay several different persons, but in such a way that the assignee admits he could not follow it, and it seems the lender was told by the borrower that he was "all right;" that he needed the money for use in his business, and that he expected to receive a certain sum within a short time in a way that he explained. There is nothing to contradict this, nor even to show that the statements were not true, excepting that it now appears certain that Butler must have been insolvent at the time; that he knew he was insolvent, or that he really paid this money out with any intent to commit a fraud of any kind is not proved. Every case of this sort must be decided on its own facts, and it will never be possible to lay down any general formula applicable to all cases. The intent to prefer a creditor necessarily involves the idea of an expectation of paying some others less than their whole debt, and this expectation is not always proved by the proof even of a known insolvency; there must be a fear or anticipation of stopping payment, which, indeed, may often be inferred from insolvency, or from acts which have a tendency to produce it, but which is to be decided as a fact in each case. Here it is not shown to my satisfaction that the borrower intended to use the money by way of preference, nor that the lender could have ascertained such an intent by inquiry. I shall not readily assent to a sweeping rule prohibiting insolvent persons from borrowing money on mortgage, even of their stock in trade, nor to one requiring mortgagees to see to the application of the money they lend. If it be true that the petitioner was put upon inquiry, it seems that he was not likely by any usual inquiry to discover any thing to prevent his lending the money. While it is true, as I held before, that a mortgage may be avoided if the mortgagee is privy to a preference, even though the preferred creditors themselves are innocent, yet this case does not come within that rule, because neither is a preference proved, nor knowledge or means of

knowledge on the part of the mortgagee. The burden of proof that the thirty-fifth section casts upon one who takes security out of the course of business is met by the uncontrolled evidence of the bankrupt. Petition of the mortgagee for payment to him of the purchase money of the mortgaged goods granted.